UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GLENN CHARLES AYO                                CIVIL ACTION

VERSUS                                           NO: 11-956

CLERK OF COURT, LOUISIANA                        SECTION: R(1)
SUPREME COURT

## ORDER

    Before the Court is Glenn Ayo's petition for a Writ of Mandamus.[1] Ayo is a state prisoner in Louisiana. He was convicted of armed robbery and resisting an officer and sentenced to 87 years at hard labor. After unsuccessfully appealing his conviction, Ayo submitted two petitions to the Louisiana Supreme Court, a "Petition to Annul Final Judgment for Vices of Form and Substance" and a "Petition to Annul Opinion of Circuit Court for Vices of Form and Substance." Ayo contends that the Louisiana Supreme Court improperly refused to file these petitions. He asks this Court to direct the Clerk of Court for the Louisiana Supreme Court to allow him to file them.[2]

    Section 1361 of Title 28 of the United States Code grants district courts original jurisdiction over "any action in the nature of mandamus to compel an officer or employee *of the United States* or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361 (emphasis added). As the plain

---

[1]    (R. Doc. 1.)

[2]    (*Id.* at 2-3.)

language of the statute makes clear, section 1361 grants district courts jurisdiction over mandamus actions directed at federal officers.  *See Newsome v. Equal Employment Opportunity Commission*, 301 F.3d 227, 231 (5th Cir. 2002).  Further, it is clearly established that federal courts lack the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief a petitioner seeks.  *Lamar v. 118th Judicial District Court of Texas*, 440 F.2d 383, 384 (5th Cir. 1971); *Moye v. Clerk, Dekalb County Superior Court*, 474 F.2d 1275, 1276 (5th Cir. 1973); *Haggard v. Tennessee*, 421 F.2d 1384, 1386 (6th Cir. 1970); *Demos v. United States District Court*, 925 F.2d 1160, 1161-62 (9th Cir. 1991).

Here, the only relief Ayo seeks is an order from this Court directing the Louisiana Supreme Court to file his petitions. Therefore, because the Court cannot grant the relief Ayo seeks, the Writ of Mandamus must be dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

IT IS SO ORDERED.

New Orleans, Louisiana, this 23rd day of June, 2011.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE