UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GLENN CHARLES AYO                              CIVIL ACTION

VERSUS                                         NO: 11-956

CLERK OF COURT, LOUISIANA                      SECTION: R(1)
SUPREME COURT

**<u>ORDER</u>**

Before the Court is Glenn Ayo's motion for reconsideration of the Court's denial of his petition for a Writ of Mandamus.[1] Ayo is a state prisoner in Louisiana. He was convicted of armed robbery and resisting an officer and sentenced to 87 years at hard labor. After unsuccessfully appealing his conviction, Ayo submitted two petitions to the Louisiana Supreme Court, a "Petition to Annul Final Judgment for Vices of Form and Substance" and a "Petition to Annul Opinion of Circuit Court for Vices of Form and Substance." Ayo contends that the Louisiana Supreme Court improperly refused to file these petitions. Ayo

---

[1] (R. Doc. 12.) Ayo has also filed a Motion to Amend Petitioner's Traverse in Opposition Returned. (R. Doc. 16.) Because that motion reiterates identical arguments, the Court considers it part of Ayo's motion for reconsideration.

filed a petition for a Writ of Mandamus in this Court on April 19, 2011, asking it to direct the Clerk of Court for the Louisiana Supreme Court to allow him to file them.  This Court dismissed with prejudice Ayo's petition on June 23, 2011, concluding that it lacks power to grant the relief Ayo seeks.[2]

Because Ayo's Motion for Reconsideration was filed within ten days of the Court's June 23 order, the Court will treat it as a motion to alter or amend judgment under FRCP Rule 59(e).  *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 353 (5th Cir. 1993); 11 Wright, Miller & Kane, *Federal Practice and Procedure: Civil* § 2810.1 (2d ed. 1995).  A district court has considerable discretion to grant or deny a motion for reconsideration.  *See Edward H. Bohlin Co.*, 6 F.3d at 353.  In exercising its discretion, the Court must "strike the proper balance" between the need for finality and "the need to render just decisions on the basis of all the facts."  *Id.* at 355.  Reconsideration, however, "is an extraordinary remedy that should be used sparingly."  *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).  Reconsideration "serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."  *Id.*  Therefore, to succeed

---

[2] (R. Doc. 10.)

on a Rule 59(e) motion, a party must "clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005). Rule 59(e) motions are "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet*, 367 F.3d at 478-79.

Ayo's motion neither presents newly discovered evidence nor clearly establishes a manifest error of law or fact. Although Ayo's argument is not entirely clear, he appears to suggest that the Court dismissed his petition for failure to cite a specific jurisdictional statute. Based on that premise, he maintains that the Court erred because his petition contained both an invocation of 28 U.S.C. § 1651 and the language "amongst other applicable rules." Yet, as the Court stated in its June 23 order, it is clearly established that federal courts lack the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of there duties when, as in this case, mandamus is the only relief a petitioner seeks. *See Lamar v. 118th Judicial District Court of Texas*, 440 F.2d 383, 384 (5th Cir. 1971) (per curiam). Ayo's inclusion of the words "amongst other applicable rule(s)" in the jurisdictional section of his petition does nothing to alter the established state of the law.

Ayo also argues that it was error to dismiss his petition only three days after the Clerk of Court for the Louisiana Supreme Court filed its response, thereby leaving him "'less' than ten (10) days to file written objection / traverse brief." Ayo's argument appears to be based on a earlier version of Rule 72(b) of the Federal Rules of Civil Procedure, which gave parties 10 days to file written objections to a magistrate judge's proposed findings and recommendations.[3]  But that rule – in either its earlier or current form – is not implicated in this case, as Ayo's petition was not referred to a magistrate judge. Nor can Ayo establish a manifest error of law based on an insufficient opportunity to file a reply to the Clerk of Court's response brief, as Ayo has not put forth any additional arguments that would call into question the Court's dismissal of his petition. *Cf. Williams v. Newark Beth Israel Medical Center*, 322 F. App'x 111, 114 (3d Cir. 2009) (rejecting plaintiffs' argument that the district court abused its discretion by issuing its order ahead of its original deadline, thus denying plaintiff an opportunity to file a reply brief, because the reply brief would have been "of no consequence"); *United States v. Isom*, 924 F.2d 1063, 1063 (9th Cir. 1991) (rejecting criminal defendant's

---

[3] Rule 72 was revised in 2009 to extend the 10-day period to 14 days.  *See* Fed. R. Civ. P. 72, 2009 Amendments.

argument that the district court erroneously ruled on his motion to correct sentence before he could file a reply brief because "he was not denied any meaningful opportunity to present his contentions").  Ayo's motion for reconsideration therefore lacks merit.

    For the foregoing reasons, Ayo's motion for reconsideration is DENIED.

    New Orleans, Louisiana, this 16th day of August, 2011.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE